UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; GAVIN NEWSOM, Governor of California, in his Official Capacity; ROBERT BONTA, Attorney General of California, in his Official Capacity,<br><br>Defendants. | No. 2:25-cv-10999 |

### DECLARATION OF MICHAEL H. GLASHEEN

I, Michael H. Glasheen, declare as follows:

1. I am the Operations Director of the National Security Branch in the Federal Bureau of Investigation (FBI) and have been in this position since September 2025. I oversee all FBI national security investigative and intelligence operations. As part of the FBI's decentralized command structure, I am also responsible to the FBI Deputy Director for the management and operations of the FBI's Sacramento Field Office, San Diego Field Office, and San Francisco Field Office in the state of California.

2. I joined the FBI in 2001 as a Special Agent. My previous executive roles include serving as the Operations Director for the Field Services Response Branch, Director of the Threat Screening Center, Special Agent in Charge of the Washington Field Office's Counterterrorism Division, Section Chief of the International Terrorism

1

1  Operations Section in the Counterterrorism Division at FBI Headquarters, and Assistant
2  Special Agent in Charge for counterterrorism investigations in the Seattle Field Office.
3       3.    I make the following statements based on my personal knowledge and
4  information made available to me in my official capacity, and my conclusions have been
5  reached in accordance therewith.
6       4.    I submit this declaration in support of the United States' claims and motion
7  for a preliminary injunction in this case. I understand the United States seeks to enjoin the
8  enforcement of California's recently enacted "No Secret Police Act" (Senate Bill No. 627)
9  and "No Vigilantes Act" (Senate Bill No. 805) against the federal government. I
10 understand both laws will take effect on January 1, 2026.
11      5.    I understand the No Secret Police Act prohibits, under threat of criminal
12 punishment, federal law enforcement officers from wearing certain kinds of facial masks
13 or coverings that obscure their facial identities in the performance of their duties in
14 California, subject to narrow exceptions. This state law also requires any federal law
15 enforcement agency operating in California to publicly post a written policy regarding the
16 use of facial coverings by July 1, 2026.
17      6.    I understand the No Vigilantes Act requires, under threat of criminal
18 punishment, non-uniformed federal law enforcement officers to display identification that
19 includes their agencies and either names or badge numbers, or both, to the public when
20 performing their enforcement duties in California, subject to narrow exceptions. This state
21 law also requires any federal law enforcement agency operating in California to publicly
22 post a written policy regarding the visible identification of sworn personnel by January 1,
23 2026.
24      7.    The FBI is the primary investigative agency of the federal government with
25 authority and responsibility to investigate all violations of federal law not exclusively
26 assigned to another agency, to conduct investigations and activities to protect the United
27 States and its people from terrorism and threats to national security, and to further the
28

foreign intelligence objectives of the United States. *See, e.g.*, 28 U.S.C. § 531 *et seq.*; Executive Order 12,333; 28 C.F.R. § 0.85.

8. The FBI's mission is to protect and defend the United States against terrorist and foreign intelligence threats, to uphold and enforce the criminal laws of the United States, and to provide leadership and criminal justice services to federal, state, municipal, and international agencies and partners. In order to defend the country from a range of national security and major criminal threats, the FBI uses an intelligence-driven and threat-focused approach, combining its investigative and intelligence operations to be more analytical and preventative, more aware of emerging threats, and better able to stop them before they turn into crimes, including acts of terrorism.

9. Enforcement of the No Secret Police Act or the No Vigilantes Act against the FBI could reasonably be expected to harm or endanger the lives or physical safety of FBI Special Agents and their families.

10. Displaying a Special Agent's personally identifying information (PII) (e.g., face, name, badge number) during an investigation or operation could subject the Special Agent and his or her family to unwarranted attention, threats, and harassment, or endanger their lives or physical safety. The FBI's concern regarding the vulnerability of Special Agents and their families being targeted for harm is considerably heightened by the increasing availability of Special Agents' PII on the Internet. Internet access to a Special Agent's PII poses a real threat that third parties will access the information, engage in data mining, identity theft, and other crimes, and seek to inflict violence on the Special Agent or his or her family in retaliation for the Special Agent's participation in the investigation.

11. The FBI does not base these officer safety concerns on idle speculation. FBI Special Agents around the country have been targeted for harm, including harassment, assault, and murder.

3

12. Enforcement of the No Secret Police Act and the No Vigilantes Act against the FBI also could reasonably be expected to harm national security and the integrity of ongoing and future FBI investigations or operations, and risk circumvention of the law.

13. For example, an FBI Special Agent may conduct surveillance operations to obtain investigative intelligence relevant to an investigation. The law enforcement techniques used to conduct these surveillance operations may involve the same techniques used by the FBI in ongoing criminal and national security investigations. Disclosure of non-public details about who, when, how, and under what circumstances the FBI conducts surveillance would allow subjects of FBI investigations and other potential criminals to develop and use countermeasures to defeat or avoid different types of surveillance operations, thus rendering the techniques useless to the FBI and other law enforcement agencies. This is especially true because the success of surveillance hinges on an investigator's ability to remain undetected or unidentified. Revealing non-public details about the FBI's methodology for conducting surveillance and the agent's identity, whether by face, name, or agency association, during the operation, would jeopardize the FBI's ability to conduct surveillance covertly and risk circumvention of the law.

14. In order to mitigate these harms and threats to officer safety and the effectiveness of FBI investigations and operations, it is essential that FBI Special Agents have discretion to wear masks and otherwise protect their identities, and in some instances their association with the FBI, from public disclosure, where they deem it appropriate to do so.

15. Based on my consideration of the matter, I have concluded that enforcement of the No Secret Police Act and the No Vigilantes Act against the FBI could reasonably be expected to cause significant harm to the FBI's ability to carry out its mission. Therefore, the FBI and its Special Agents will defy these state laws where they deem it appropriate to do so.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 24, 2025.

*[signature]*

MICHAEL H. GLASHEEN
Operations Director
National Security Branch
Federal Bureau of Investigation