ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
MICHAEL NEWMAN
Senior Assistant Attorneys General
ANNA FERRARI, SBN 261579
LEE I. SHERMAN, SBN 272271
Supervising Deputy Attorneys General
KRISTI A. HUGHES, SBN 235943
CAMERON A. BELL, SBN 305872
ZELDA VASSAR, SBN 313789
ALYSSA ZHANG, SBN 360105
ASHA ALBUQUERQUE, SBN 332901
Deputy Attorneys General
 1300 I Street, Suite 125
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3625
 Fax:  (415) 703-5480
 E-mail:  Asha.Albuquerque@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA; GAVIN NEWSOM, Governor of California, in his official capacity; ROBERT BONTA, Attorney General of California, in his official capacity,**<br><br>Defendants. | 2:25-cv-10999-CAS-AJR<br><br>**DEFENDANTS' *EX PARTE* APPLICATION FOR RELIEF FROM PRELIMINARY INJUNCTION HEARING AND BRIEFING SCHEDULE**<br><br>Courtroom:  8D<br>Judge:  The Honorable Christina A. Snyder<br>Trial Date:  not set<br>Action Filed: November 17, 2025 |

**<u>EMERGENCY RELIEF REQUESTED BY WEDNESDAY, NOVEMBER 26</u>**

1

## NOTICE OF *EX PARTE* APPLICATION AND EX PARTE APPLICATION FOR RELIEF FROM PRELIMINARY INJUNCTION HEARING AND OPPOSITION DEADLINE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants State of California and Gavin Newsom and Rob Bonta, in their official capacities as Governor and Attorney General of California, respectively, apply *ex parte* for an order (1) modifying the December 22, 2025 hearing date on Plaintiff United States' motion for a preliminary injunction (PI Motion), of which Plaintiff failed to provide proper notice, and (2) clarifying Defendants' deadline to oppose the motion. Defendants request that the Court issue a scheduling order setting the PI Motion for hearing on January 12, 2026 (or as soon thereafter as it may be heard), with Defendants' opposition due by December 23, 2025, and any reply due by January 6, 2026.

In support of their application, Defendants submit and incorporate the following memorandum of points and authorities.

Pursuant to Local Rule 7-19.1, counsel for Defendants informed counsel for Plaintiff via email at 7:50 a.m. PT on November 26, 2025, that Defendants planned to file this application that day, requesting a telephonic conference, and asking Plaintiff to indicate whether it would oppose the *ex parte* application. *See* Decl. of Asha Albuquerque, ¶¶ 10-11. Counsel for Plaintiff sent an email on November 26, 2025 conveying opposition to the *ex parte* application prior to its filing. *Id.*

2

Dated:  November 26, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
MICHAEL NEWMAN
Senior Assistant Attorneys General
ANNA FERRARI
LEE I. SHERMAN
Supervising Deputy Attorneys
General
KRISTI A. HUGHES
CAMERON BELL
ZELDA VASSAR
ALYSSA ZHANG
Deputy Attorneys General


*/s/ Asha Albuquerque*
ASHA ALBUQUERQUE
Deputy Attorney General
*Attorneys for Defendants*

3

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants State of California and Gavin Newsom and Rob Bonta, in their official capacities as Governor and Attorney General of California, respectively, apply *ex parte* for an order (1) modifying the December 22, 2025 hearing date on Plaintiff United States' motion for a preliminary injunction (PI Motion), of which Plaintiff failed to provide proper notice under Local Rule 6-1, and (2) clarifying the deadline by which Defendants may oppose the motion, because applying the presumptive opposition deadline under Local Rule 7-9 on an improperly-noticed motion would prejudice Defendants. Plaintiff's rule violation is made more egregious by the fact that it waited until the Tuesday evening before Thanksgiving to file its PI Motion and now seeks to require Defendants to file a response by the following Monday—when Plaintiff has been aware of the state laws at issue in its PI Motion for over two months. This emergency relief is necessary to ensure that Defendants are not deprived of a meaningful opportunity to defend validly enacted state laws.

## BACKGROUND

This case is a pre-enforcement constitutional challenge to provisions of Senate Bill 627 (2025-26 Reg. Session), restricting when law enforcement officers may wear masks, and Senate Bill 805 (2025-26 Reg. Session), requiring law enforcement officers to wear badges displaying their names or ID numbers. Both statutes were enacted on September 20, 2025, and their challenged provisions will become effective on January 1, 2026.

Although Plaintiff had notice of these laws for two months, Plaintiff waited to file its complaint until November 17, 2025. ECF 1. That same day, before Plaintiff had even served the complaint on Defendants, counsel for Plaintiff notified counsel for Defendant of Plaintiff's intent to move for a preliminary injunction on or around November 25. Decl. of Asha Albuquerque, ¶ 3. On November 24, Plaintiff served the complaint on Defendants, *id.*, ¶ 4, and Defendants, through

4

counsel, conferred with Plaintiff's counsel on November 25. *Id.*, ¶ 5. During the conference, Defendants proposed a modified briefing schedule that would allow both parties slightly more time to prepare their respective briefs than under the default schedule of Local Rule 7-9, including a January 12, 2026 hearing date and a December 23, 2025 deadline to file Defendants' opposition memorandum. *Id.* Defendants also offered for the Department of Justice to agree to a narrow, one-month stay of enforcement of the challenged provisions against federal law enforcement officers to accommodate the modest delay. *Id.*

Because Local Rule 6-1 requires motions to be filed on 28 days' notice, by the time of the November 25 conference of counsel, the earliest hearing date available to Plaintiff under that rule would have been December 29—and would have remained so through December 1. Nevertheless, Defendants first became aware that Plaintiff had filed its PI Motion at 7:00 p.m. local time on November 25. The PI motion requested a hearing on December 22, 2025—on only 27 days' notice. ECF 11 at 1. Applying Local Rule 7-3 to this improperly-noticed hearing date would yield an opposition deadline of December 1—just two business days after the motion was filed, in light of the Thanksgiving holiday.

Because the improper notice, coinciding with the two-day holiday, would have unduly prejudiced Defendants' ability to oppose Plaintiff's motion, Defendants, through counsel, again asked Plaintiff on November 26, 2025, to consider stipulating to the modified briefing schedule. Decl. of A. Albuquerque, ¶¶ 10-11. But only after Defendants raised the prospect of seeking *ex parte* relief did Plaintiff respond to the stipulation, and the terms Plaintiff counter-proposed would have extended the time-limited stay beyond what is necessary, while requiring Defendant Bonta to implement a broader stay of enforcement. *Id.*, ¶ 13. The parties were unable to reach agreement, necessitating this application.

## ARGUMENT

This Court should issue an order moving the hearing date on Plaintiff's

motion from December 22, 2025, to a date that is on or near January 12, 2026, and clarifying Defendants' opposition deadline on account of the improper notice given under Local Rule 6-1.  Plaintiff's notice of motion suggests that a hearing date of December 22—or earlier—is necessary to afford relief by the January 1, 2026 effective date of the challenged provisions.  ECF 11 at 1.  But Plaintiff did not apply *ex parte* for an order shortening time, as the Local Rules require.  *See* Civil L.R. 6-1, 7-19.  The resulting prejudice to Defendants is compounded by the intervening Thanksgiving holidays, which, under Local Rule 7-9, would leave Defendants with as little as two business days to prepare an opposition memorandum, respond to the evidence in support of Plaintiff's opening memorandum, and submit their own affirmative evidence to support the need for these laws and the harm to the public interest if the court were to issue a preliminary injunction.  Defendants cannot prepare an opposition in two business days without impairing its quality, and the rushed preparation would deprive the Court of the benefit of a fuller and more developed record.

This schedule is primarily the result of Plaintiff's delay.  The parties promptly conferred about Defendants' need for time beyond the default briefing schedule, and Defendants provided—within one day of being served with the complaint—a draft stipulation that would not have meaningfully delayed resolution of the PI Motion.  Decl. of Asha Albuquerque, ¶¶ 4-6.  And the potential harm faced by Defendants is significant.  "Any time a state is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Maryland v. King*, 133 S. Ct. 1, 3 (2012); *Coal. for Econ Equity v. Wilson*, 122 F.3d 718 (9th Cir. 1997).  Yet Plaintiff has proffered a briefing schedule that appears by design to impede Defendants from offering a meaningful defense to avert such irreparable injury.

Even if the intervening federal government shutdown had an impact on Plaintiff's timeliness, Plaintiff had 10 days prior to the shutdown, and 14 days after

it resolved, during which to file its 14-page complaint or contact Defendants to discuss its anticipated lawsuit and preliminary injunction motion.[1]  Plaintiff did neither.  Defendants should not be prejudiced by Plaintiff's delay.

Plaintiff has received prior notice of this *ex parte* application, but the 48-hour opposition period under this Court's procedures should be waived in the interests of justice.  *See* Civil L.R. 7-19.2.  To allow Plaintiff 48 hours to oppose this request would delay its resolution until Defendants' opposition to the preliminary injunction motion is due.  This would frustrate the very purpose of this application, which is made to avoid irreparable prejudice to Defendants' ability to defend the laws challenged by Plaintiff.  Immediate relief is thus requested.

Accordingly, to clarify the operative deadlines and avoid further prejudice, Defendants respectfully request immediate entry of a scheduling order under which (1) Defendants will oppose Plaintiff's motion for preliminary injunction by December 23, 2025, (2) Plaintiff will file any reply by January 6, 2026, and (3) the Court will conduct any hearing on the motion on January 12, 2026, or as soon thereafter as the matter may be heard.

///
///

---

[1] The shutdown began on October 1, 2025, and continued through November 12, 2025.  NBC News, *Trump signs funding bill into law, ending record-long government shutdown*, Nov. 12, 2025.

Dated:  November 26, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
MICHAEL NEWMAN
Senior Assistant Attorneys General
ANNA FERRARI
LEE I. SHERMAN
Supervising Deputy Attorneys General
KRISTI A. HUGHES
CAMERON BELL
ZELDA VASSAR
ALYSSA ZHANG
Deputy Attorneys General


*/s/ Asha Albuquerque*
ASHA ALBUQUERQUE
Deputy Attorney General
*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 1,175 words, which complies with the word limit of Local Rule 11-6.1.


Dated: November 26, 2025

*/s/ Asha Albuquerque*
Deputy Attorney General
*Attorney for Defendants*