**ADAMS, DUERK & KAMENSTEIN LLP**
M. Anthony Brown (Cal. Bar No. 243848)
445 S. Figueroa Street, Suite 2300
Los Angeles, CA 90071
tony.brown@adkfirm.com
(213) 800-2397

Attorneys for Amicus Curiae
Prosecutors Alliance Action

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; GAVIN NEWSOM, Governor of California, in his Official Capacity; ROBERT BONTA, Attorney General of California, in his Official Capacity,<br><br>Defendants. | Case No. 2:25-cv-10999-CAS-AJR<br><br>**UNOPPOSED APPLICATION FOR PERMISSION TO FILE AMICUS CURIAE BRIEF AND PROPOSED AMICUS CURIAE BRIEF OF PROSECUTORS ALLIANCE ACTION**<br><br>Date: Jan. 12, 2026<br><br>Time: 10:00 a.m.<br><br>Courtroom: 8D<br><br>Judge: Hon. Christina A. Snyder |

## **APPLICATION**

Prosecutors Alliance Action, a fiscally-sponsored project of Tides Advocacy, a 501(c)(4) organization, hereby applies to the Court for permission to file the amicus curiae brief concurrently lodged with this application.

Plaintiff United States of America has informed Prosecutors Alliance Action that it consents to the filing of the amicus brief.

Prosecutors Alliance Action advocates for criminal justice reform that advances both long-term safety and well-being in our communities. Prosecutors Alliance Action is closely affiliated with Prosecutors Alliance, the country's first reform-oriented law enforcement association. Both organizations are dedicated to promoting a fair and effective criminal justice system because public trust in law enforcement is crucial to a healthy democracy. Current and former local, state and federal prosecutors are at the heart of Prosecutors Alliance, whose 5,400 members also include law enforcement officers, defense attorneys, retired judges, crime survivors, victim advocates, law students, community members, and others who share the Alliance's mission. Prosecutors Alliance Action amplifies the voices of this diverse but united array of criminal justice stakeholders to advance pragmatic policies that simultaneously prevent crime and safeguard community well-being.

Prosecutors Alliance Action has a particular interest in this case because it was a principal source and sponsor of the No Secret Police Act (SB 627) and testified at hearings in support of the bill. Prosecutors Alliance Action was also an active supporter of the No Vigilantes Act (SB 850), which worked its way through the California State Legislature at the same time as the No Secret Police Act. Prosecutors Alliance Action is therefore well-situated to assist the Court in understanding the circumstances that necessitated this legislation and in evaluating arguments advanced by the United States in seeking preliminary injunction to stop these important laws from going into effect, especially arguments concerning the balance of equities and the public interest in having police perform their duties without hiding their identities.

This Court has "broad discretion to appoint amici curiae." *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable to the court." *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Feltzs v. Cox Commc'ns Cal., LLC*, No. SA CV 19-02002-JVS (JDEx), 2022 WL 401807, at *8 (C.D. Cal. Jan. 21, 2022) (internal quotation marks omitted). While historically an amicus curiae was an impartial adviser to the court, not an advocate of a party. *Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999), "[t]here is no rule … that amici be totally disinterested," *Hoptowit*, 682 F.2d at 1260. Many courts find it "preferable to err on the side of granting leave" for amici curiae to file briefs. *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002); *see also Stoyas v. Toshiba Corp.*, No. 15-CV-4194 DDP (JCX), 2021 WL 2315200, at *1 (C.D. Cal. June 7, 2021); *Earth Island Inst. v. Nash*, No. 1:19-CV-01420-DAD-SAB, 2019 WL 6790682, at *2 (E.D. Cal. Dec. 12, 2019). "If an amicus brief that turns out to be unhelpful is filed, the [Court] ... can then simply disregard the amicus brief. On the other hand, if a good brief is rejected, the [Court] will be deprived of a resource that might have been of assistance." *Neonatology Assocs.*, 293 F.3d at 133.

Because of the organization's unique mission and the backgrounds of its members, Prosecutors Alliance Action has a unique perspective on the need for and the reasonableness of SB 627's requirement that all law enforcement officials who police California's citizens do so in a way that promotes transparency and trust in

law enforcement and the outcome of criminal prosecutions. Prosecutors Alliance Action believes that its unique perspective will provide the Court with helpful information and insight beyond the arguments provided by the parties.

No party or counsel for any party in the pending case authored the proposed amicus brief in whole or in part or made a monetary contribution intended to fund the preparation or submission of the brief. No person or entity other than Prosecutors Alliance Action and its counsel participated in the preparation of the brief.

Accordingly, Prosecutors Alliance Action respectfully requests leave to file the proposed amicus brief lodged with this application.

Dated: December 22, 2025            ADAMS, DUERK & KAMENSTEIN LLP

By: s/ *M. Anthony Brown*

M. Anthony Brown

Attorneys for Amicus Curiae
Prosecutors Alliance Action