| | |
|---|---|
| 1 | ROB BONTA<br>Attorney General of California |
| 2 | THOMAS S. PATTERSON<br>MICHAEL NEWMAN |
| 3 | Senior Assistant Attorneys General<br>ANNA FERRARI, SBN 261579 |
| 4 | LEE I. SHERMAN, SBN 272271<br>Supervising Deputy Attorneys General |
| 5 | KRISTI A. HUGHES, SBN 235943<br>ZELDA VASSAR, SBN 313789 |
| 6 | ASHA ALBUQUERQUE, SBN 332901<br>ALYSSA ZHANG, SBN 360105 |
| 7 | CAMERON A. BELL, SBN 305872<br>Deputy Attorneys General |
| 8 | 300 South Spring Street<br>Los Angeles, CA 90013 |
| 9 | Telephone: (213) 269-6000<br>E-mail: Cameron.Bell@doj.ca.gov |
| 10 | *Attorneys for Defendants* |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA,** | | 2:25-cv-10999-CAS-AJR |
| | Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE MOTION FOR INJUNCTION PENDING APPEAL (ECF 67)** |
| v. | | |
| **STATE OF CALIFORNIA; GAVIN NEWSOM, Governor of California, in his official capacity; ROBERT BONTA, Attorney General of California, in his official capacity,** | | The Honorable Christina A. Snyder<br>United States District Judge |
| | Defendants. | |

## INTRODUCTION

Despite this Court's well-reasoned ruling denying the United States's motion to enjoin Senate Bill 805, the No Vigilantes Act, the United States insists it is entitled to an injunction to prevent California from enforcing its duly enacted law. Nothing has changed since the Court issued its order nine days ago; the United States offers no new arguments or additional evidence to demonstrate that it is likely to prevail on the merits of its claims or that the public interest is served by an injunction. Although the Court stayed the effect of its ruling for ten days at Plaintiff's request, Plaintiff waited until 48 hours before the stay was set to expire to file this motion. Because this Court, just last week, engaged in this very analysis, and there are no circumstances of such an unusual magnitude to warrant departure from the Court's recent order, Plaintiff's request for an injunction pending appeal should be denied.

## PROCEDURAL BACKGROUND

On November 17, 2025, Plaintiff filed its Complaint against Defendants, challenging Sections 2 and 3 of Senate Bill (SB) 627 (the "No Secret Police Act") and Sections 2 and 10 of SB 805 (the "No Vigilantes Act"), which were set to go into effect on January 1, 2026. Dkt. 1. On November 25, 2025, Plaintiff moved for a Preliminary Injunction. Dkt. 11. On December 8, 2025, the parties entered into a joint stipulation, briefly staying enforcement of both laws against federal law enforcement agencies or officers until this Court ruled on the then-pending Preliminary Injunction Motion. Dkt. 19. The Court entered an order based on that stipulation the following day. Dkt. 20.

The Court held a hearing on the Motion on January 14, 2026, Dkt. 59, and issued its order on February 9, 2026, granting Plaintiff's motion as to Section 3 of SB 627, and denying Plaintiff's motion as to SB 805 and all other provisions of SB 627. Dkt. 63. At the United States's request, the Court stayed the effect of its order

for ten days, until 12 p.m. on February 19, 2026, effectively maintaining the parties' stipulated stay until that time. *Id.*, *see also* Dkt. 20.

Plaintiff's counsel contacted Defendants' counsel on February 10, asking whether Defendants would agree to a further stay of enforcement pending appeal. The following day, counsel for Defendants "quick[ly]" responded that Defendants would oppose any further stay. Plaintiff filed its ex parte motion on February 17, barely 48 hours before the Court's stay is set to expire.[1] Dkt. 67.

## LEGAL STANDARD

"In evaluating a motion for an injunction pending appeal, [courts] consider whether the moving party has demonstrated that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in their favor, and that an injunction is in the public interest." *S. Bay United Pentecostal Church v. Newsom*, 959 F.3d 938, 939 (9th Cir. 2020). "The fact that a court previously found that a preliminary injunction was not warranted should carry significant weight, so the circumstances must be of unusual magnitude to justify a district court granting an injunction pending appeal after denying a preliminary injunction." *NetChoice v. Bonta*, 761 F. Supp. 3d 1232, 1232 (N.D. Cal. 2025). And while courts are *empowered* to grant an injunction pending appeal, "only when the legal question raised is particularly important and 'serious questions going to the merits' have been raised should a district court consider such a course of action." *Id.* (citing *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011)).

---

[1] Not even 24 hours later, and while Defendants were preparing this Opposition, the United States notified Counsel for Defendants at 7:32 a.m. Pacific on February 18, 2026, that it planned to move in the Ninth Circuit for an injunction pending appeal and temporary administrative injunction. Counsel for Defendants responded approximately two hours later, at 9:45 a.m. Pacific, that it opposed the Motion. Fifteen minutes later, the United States filed its Motion with the Ninth Circuit. Emergency Motion, *United States v. California*, No. 26-926 (9th Cir. Feb. 18, 2026).

2

**ARGUMENT**

**I.    The United States Has Not Satisfied the High Standard for an Injunction Pending Appeal.**

This Court, in a thorough, 30-page order, correctly concluded that SB 805 should not be preliminarily enjoined. Dkt. 63. That conclusion does not change simply because the United States now seeks appellate review. Indeed, nothing has changed in the intervening nine days since this Court denied Plaintiff's Motion to preliminarily enjoin SB 805. The analysis for an injunction pending appeal is substantially similar to that for a preliminary injunction in the first instance—the very analysis this Court undertook just a week ago. The United States still cannot show a likelihood of success on the merits of its challenge to SB 805, it still cannot show that enforcement of SB 805 will cause irreparable harm, and it still cannot show that an injunction will serve the public interest.

**A. The United States Cannot Show a Likelihood of Success on the Merits.**

In its recent motion, the United States makes the same arguments that this Court already rejected when it concluded that the United States is unlikely to succeed on the merits of its claim that SB 805 violates the Supremacy Clause. *See* Dkt. 63 at 12-20. The United States's motion is predicated on the incorrect assertion that it enjoys "absolute" immunity from state law, Dkt. 67-1 at 4, which this Court already rejected, Dkt. 63 at 18 ("[T]he law is clear that federal officers do not have *absolute* immunity from state prosecution") (citing *Johnson v. Maryland*, 254 U.S. 51, 56 (1920)) (emphasis in original). "The critical question is whether state laws affect incidentally the mode of carrying out [federal] employment or rather seek to control federal functions." Dkt. 63 at 15 (citing *Johnson*, 254 U.S. at 56-57); *see also Texas v. U.S. Dep't. of Homeland Sec.*, 123 F.4th 186, 206 (5th Cir. 2024). Following that well-established framework, the Court then determined that, unlike state laws that have been invalidated on intergovernmental immunity grounds because they "interfere with or control" federal operations, SB 805 is a

1 | generally applicable state law that only "incidentally" affects federal operations.
2 | Dkt. 63 at 20; *compare Geo Grp. Inc. v. Newsom*, 50 F. 4th 745, 750 (9th Cir.
3 | 2022) (invalidating state law that required federal agency to "entirely transform its
4 | approach or else abandon" its immigration-detention activities in the state) *and Geo*
5 | *Grp. Inc. v. Inslee*, 151 F.4th 1107, 1118 (9th Cir. 2025) (upholding state law that
6 | did not "prevent" federal activities), *with Texas*, 123 F. 4th at 205 (upholding state
7 | law that "at most, only incidentally affects" federal operations).

8 |     The United States wrongly contends that the degree of interference is
9 | irrelevant. Dkt. 67-1 at 4-5. In doing so, it ignores several cases that the Court
10 | specifically addressed in its order that support the notion that laws that aim to
11 | "control," "transform," or "prevent" federal operations are materially different from
12 | those that pose only an incidental effect. Dkt. 63 at 19 n.8; *see also id.* at 14-20
13 | (analyzing intergovernmental-immunity cases); *compare, e.g.*, *United States v.*
14 | *Arcata*, 629 F.3d 986, 991 (9th Cir. 2010) (striking down local ordinance that
15 | completely prohibited certain federal activity) *and Boeing Co. v. Movassagahi*, 768
16 | F.3d 832, 840 (9th Cir. 2014) (state law "replace[d]" federal standards and
17 | overr[ode] federal decisions") *and Newsom*, 50 F. 4th at 750 (state law would have
18 | required federal government "to entirely transform its approach") *with Texas*, 123
19 | F. 4th at 205 (upholding state law that "incidentally affects" federal government).

20 |     While the United States claims that "the Court did not meaningful[ly] engage
21 | with [the] evidence" Dkt. 67-1 at 5, in reality, the United States is unable to offer
22 | any meaningful evidence to demonstrate how requiring officers engaged in
23 | enforcement operations to wear a name plate or badge number imposes anything
24 | more than an "incidental [e]ffect." *See* Dkt. 63 at 16 ("A rule that…requires [law
25 | enforcement officers] to have visible identification does not facilitate or enable
26 | criminals to harm law enforcement officers."); *id.* ("[T]he United States has not
27 | adequately explained how…identification policies are essential to the operations or
28 | safety of federal law enforcement amid this tense political environment."); *see also*

4

Dkt. 29 at 17 ("To the extent revealing an agent's name or badge number may result in doxxing, such harms can be mitigated through the use of anonymized badge numbers….") (citing Shuchart Decl. ¶ 15).

Because, as the Court already correctly concluded, SB 805 is a generally applicable law whose "effects . . . on federal operations are likely to be minimal and comparable to the effects of enforcement of any other generally applicable rules, such as speed limits," the United States cannot show likelihood of success on the merits of its claim. Dkt. 63 at 19.

## B. The United States Cannot Show It Will Suffer Irreparable Harm if SB 805 Is Not Enjoined.

The United States offers no new information or evidence to compel a conclusion different from this Court's finding a week ago "that the United States has failed to show that it will suffer irreparable harm absent an injunction on the enforcement of any provision for which it has failed to demonstrate a likelihood of success on the merits of its constitutional claims"—or even to suggest that this is a close question. Dkt. 63 at 25. Again, the United States broadly asserts that the "identification requirement would substantially hamper federal operations in California," Dkt. 67-1 at 7, but provides no convincing evidence in support—just as it could not in its initial motion, *see* Dkt. 11, or in response to the Court's questions at the January 14 hearing. Claiming federal operations will be "substantially hamper[ed]" if law enforcement officers wear a nametag or badge number strains credulity, and proclaiming that it would "substantially hamper" law enforcement does not make it true. Dkt. 67-1 at 7. The Court's prior finding that SB 805's enforcement will not cause irreparable harm should remain undisturbed. Dkt. 63 at 26.

### C. The United States Cannot Show an Injunction Will Serve the Public Interest.

Finally, the United States cannot show an injunction will serve the public interest. To the contrary, this Court already concluded that SB 805 "serve[s] the public interest by promoting transparency which is essential for accountability and public trust." *Id.* at 29. The Court further concluded that there is " no cognizable justification for law enforcement officers to conceal their identities during their performance of routine, non-exempted law enforcement functions and interactions with the general public." *Id.*

The United States offers two arguments, but neither compels this Court to revisit its Order. The United States first claims that because the Defendants voluntarily agreed to stay enforcement until a ruling on the preliminary injunction, "there is no reason" the stay should expire before the Ninth Circuit has an opportunity to weigh in. Dkt. 67-1 at 12. But "where there is no constitutional violation demonstrated, the public interest is served by permitting valid state statutes to be effectuated." Dkt. 63 at 29 (citing *Maryland v. King*, 567 U.S. 1301, 1303 (2012)). The United States next argues that Defendants "have placed state and federal officers" on "a dangerous collision course," citing an online portal where members of the public can provide information about "potentially unlawful activity by federal agents and officers." Dkt. 67-1 at 8; *see also* Press Release, California announces new online portal to report misconduct by federal agents, Cal. (Dec. 3, 2025), https://perma.cc/539C-P7G8. Collecting information does not amount to "escalat[ion]," Dkt. 67-1 at 8, and a public reporting portal—where members of the public can provide the same information they could provide to any state or local law enforcement officer—does not harm federal law enforcement, nor does it harm the public interest, especially where, as here, the collected information is used for investigative purposes and not published online or otherwise made public.

## II. A Time-Limited Injunction Is Also Unwarranted.

Not only is an injunction pending appeal unwarranted for the reasons described above, the United States similarly offers no persuasive justification for a time-limited injunction like the thirty-day injunction pending appeal in *NetChoice v. Bonta*, 761 F. Supp. 3d 1232 (N.D. Cal. 2025). Indeed, Plaintiff's reliance on the *NetChoice* approach is misplaced. Critically, NetChoice filed a notice of appeal the same day the district court issued its order, on December 31, 2024, and NetChoice moved for an injunction pending appeal the next day, on January 1, 2025. *Id.* at 1234. On January 2, 2025, the *NetChoice* court issued its order, enjoining enforcement of the relevant state law for 30 days or until the Ninth Circuit issued its own order. *Id.* at 1236.

Here, unlike in *NetChoice*, the Court stayed its own order for ten days, "*pursuant to the request of the United States*," achieving the same outcome that a temporary stay of SB 805 would have accomplished. Dkt. 63 at 30. But instead of moving expeditiously, the United States elected to wait more than a week before filing its notice of appeal and the instant motion, although Defendants promptly responded to the United States' requests leading up to this motion. Defendants should not bear the consequences of Plaintiff's delay, especially where "the public interest is served by permitting valid state statutes to be effectuated." Dkt. 63 at 29.

## CONCLUSION

For the reasons described above, Plaintiff's Motion for an Injunction Pending Appeal should be denied.

///

///

///

///

///

7

| | | |
|---|---|---|
| 1 | Dated: February 18, 2026 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | THOMAS S. PATTERSON<br>MICHAEL NEWMAN |
| 4 | | Senior Assistant Attorneys General |
| 5 | | ANNA FERRARI<br>LEE I. SHERMAN |
| 6 | | Supervising Deputy Attorneys General |
| 7 | | KRISTI A. HUGHES<br>ZELDA VASSAR |
| 8 | | ASHA ALBUQUERQUE<br>ALYSSA ZHANG |
| 9 | | Deputy Attorneys General |
| 10 | | ***/s/ Cameron A. Bell*** |
| 11 | | CAMERON A. BELL<br>Deputy Attorney General |
| 12 | | *Attorneys for Defendants* |
| 13 | SA2025306562<br>USDC Central (2 Party).docx | |

8

**CERTIFICATE OF COMPLIANCE**

    The undersigned, counsel of record for Defendants, certifies that this brief contains 2,235 words, which complies with the word limit of L.R. 11-6.1.

Dated:  February 18, 2026            Respectfully submitted,

                                                        Rob Bonta
                                                        Attorney General of California

                                                        Cameron A. Bell
                                                        Deputy Attorney General
                                                        *Attorney for Defendants*