**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRACY ANDERSON MIND AND BODY, LLC, a Delaware limited liability company, | No. 24-6936 |
| Plaintiff - Appellant, | D.C. No. 2:22-cv-04735-PSG-E |
| and | MEMORANDUM* |
| T.A. STUDIO NEW YORK, LLC, a California limited liability company, | |
| Plaintiff, | |
| v. | |
| MEGAN ROUP; THE SCULPT SOCIETY, LLC, a California limited liability company, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted February 2, 2026
Pasadena, California

Before: LEE, KOH, and DE ALBA, Circuit Judges.

Appellant Tracy Anderson Mind and Body, LLC ("TAMB") appeals the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

district court's order granting summary judgment to Appellees Megan Roup and

The Sculpt Society, LLC ("TSS") on TAMB's copyright claim. We have

jurisdiction under 28 U.S.C. § 1291 and affirm.

A district court's decision to grant summary judgment is reviewed de

novo. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir.), *cert.*

*denied*, 142 S. Ct. 343 (2021). "This court's review is governed by the same

standard used by the trial court under Federal Rule of Civil Procedure 56(c)."

*Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*, 330 F.3d 1110, 1131 (9th

Cir. 2003). Summary judgment may be affirmed "on any ground supported by the

record." *Cruz v. Nat'l Steel & Shipbuilding Co.*, 910 F.3d 1263, 1270 (9th Cir.

2018).

The district court did not err in granting Roup and TSS summary judgment

on TAMB's copyright claim. The Copyright Act sets forth various categories of

"original works of authorship fixed in any tangible medium of expression" that are

afforded copyright protection. 17 U.S. Code § 102(a)(1)–(8) (listing, under

Section 102(a)(4), "choreographic works" as a proper subject matter of copyright

protection). But "[i]n no case does copyright protection for an original work of

authorship extend to any idea, procedure, process, system, method of operation,

concept, principle, or discovery." *Id.* § 102(b).

Here, on de novo review, this Court concludes that the routines in the TA

Works DVDs (hereinafter, the "DVDs") are uncopyrightable under Section 102(b), and thus not protectable under Section 102(a)(4) of the Act pursuant to this Court's decision in *Bikram's Yoga Coll. of India, L.P. v. Evolation Yoga, LLC*, 803 F.3d 1032 (9th Cir. 2015).

    *Bikram's* involved the copyrightability of "a sequence of twenty-six asanas and two breathing exercises, arranged in a particular order, which [the plaintiff] calls the 'Sequence.'" *Id.* at 1035. "[The plaintiff] popularized the Sequence by marketing the many health and fitness benefits it provides." *Id.* In a published book registered with the U.S. Copyright Office, *Bikram's Beginning Yoga Class*, the plaintiff "include[d] descriptions, photographs, and drawings of the Sequence's twenty-six poses and two breathing exercises." *Id.* Specifically, "as [the plaintiff] describe[d] it, the Sequence [as bodily movements] is a . . . 'method' designed to systematically work every part of the body, to give all internal organs, all the veins, all the ligaments, and all the muscles everything they need to maintain optimum health and maximum function." *Id.* at 1038 (internal quotation marks omitted). The plaintiff, alongside his business, then sued the defendants for allegedly infringing on their copyright of the Sequence. *Id.* at 1036.

    This Court affirmed a grant of summary judgment to defendants on the copyright claim. The Court concluded that the Sequence was uncopyrightable under Section 102(b) because it was "designed to improve health" and "set[] forth

24-6936

a method to attain identifiable . . . results." *Id.* at 1036, 1040. *Bikram* further held that "[t]he Sequence is not copyrightable as a choreographic work" under Section 102(a)(4) because it is a method, "idea, process, or system to which copyright protection may '[i]n no case' extend" under Section 102(b). *Id.* at 1044. "This is true," *Bikram* explained, even *if* the Sequence was "conceived with at least some aesthetic considerations in mind." *Id.* at 1040.

Similarly, here, the DVDs, registered with the U.S. Copyright Office, include routines that are described as "featur[ing] a selection and arrangement of movements . . . involv[ing] classic dance steps that are recognized in various dance modalities such as ballet, hip-hop, jazz, and modern dance, as well as modifications to those classic dance steps . . . ." The DVDs were produced and distributed by a fitness company and marketed as "workouts" that "will give you a body you never believed you could have." In one of the trailers for one of the DVDs, Tracy Anderson states the following: "With my Mat Program, I've carefully sequenced moves that help get rid of many typical problem areas . . . . If you do the video enough, you will see amazing results." Anderson describes another DVD as her "dance aerobics video" that uses "choreography" and leads to "optimum calorie burning and [] keep[s] your metabolism going."

As such, the routines TAMB seeks to protect are like the Sequence because both are a series of bodily movements arranged for their "health and fitness

4

24-6936

benefits." *See id.* at 1035. "Even if the [routines in the DVDs] could fit within some colloquial definitions of dance or choreography, it remains . . . ineligible for copyright protection" because "the design . . . primarily reflects function, not expression." *See id.* at 1040, 1044. The record also lacks any evidence that the audience for these routines perceives them as expressive choreography. *See Hanagami v. Epic Games, Inc.*, 85 F.4th 931, 940 (9th Cir. 2023) (noting that a protected choreographic work may be presented before an audience, contain dramatic content, or otherwise include elements of an expressive performance). TAMB thus improperly "attempts to secure copyright protection for a healing art . . . designed to yield physical benefits and a sense of well-being." *See Bikram's*, 803 F.3d at 1039. Concluding otherwise would grant TAMB "monopoly rights over these functional physical sequences" and would "extend copyright protection beyond its constitutional [and statutory] limits." *See id.* at 1044.

In sum, given the significant similarities to the Sequence, there is no room for a reasonable difference of opinion, and no genuine dispute of material fact, that the routines in the DVDs are not choreographic works protected by the Act.

**AFFIRMED.**

24-6936

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

**Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)**

**(1) Purpose**
    **A. Panel Rehearing:**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  - A material point of fact or law was overlooked in the decision;
  - A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

    **B. Rehearing En Banc**
- A party should seek en banc rehearing only if one or more of the following grounds exist:
  - Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
  - The proceeding involves a question of exceptional importance; or

> ➢ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d). The deadlines for seeking reconsideration of a non-dispositive order are set forth in 9th Cir. R. 27-10(a)(2).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**
- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ➤ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
  - ➤ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.