ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
MICHAEL NEWMAN
Senior Assistant Attorneys General
ANNA FERRARI, SBN 261579
LEE I. SHERMAN, SBN 272271
Supervising Deputy Attorneys General
KRISTI A. HUGHES, SBN 235943
ZELDA VASSAR, SBN 313789
ASHA ALBUQUERQUE, SBN 332901
ALYSSA ZHANG, SBN 360105
CAMERON A. BELL, SBN 305872
Deputy Attorneys General
 300 South Spring Street
 Los Angeles, CA 90013
 Telephone:  (213) 269-6000
 E-mail:  Cameron.Bell@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA; GAVIN NEWSOM, Governor of California, in his official capacity; ROBERT BONTA, Attorney General of California, in his official capacity,**<br><br>Defendants. | 2:25-cv-10999-CAS-AJR<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF UNITED STATES' COMPLAINT**<br><br>The Honorable Christina A. Snyder<br>United States District Judge |

The State of California, California Governor Gavin Newsom, in his official capacity, and California Attorney General Rob Bonta, in his official capacity, (collectively, "Defendants") answer the Complaint filed by Plaintiff on November 17, 2025, as follows. Defendants' responses are made without waiving, and expressly reserving, all rights that Defendants have to file dispositive motions addressed to Plaintiff's remaining claims asserted in the Complaint. Except as expressly admitted herein, all allegations in the Complaint are denied.

**PRELIMINARY STATEMENT**

1.      Paragraph 1 of the Complaint is primarily a quotation from a presidential proclamation, which speaks for itself. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 1.

2.      The allegations in Paragraph 2 include legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 2.

3.      The allegations in Paragraph 3 include legal conclusions to which no response is required. Paragraph 3 also takes quotes from Defendant Newsom out of context—the full remarks speak for themselves and serve as the best evidence of their contents. Defendants California and Bonta otherwise lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 3.

4.      In response to the allegations contained in Paragraph 4, Defendants admit, as described in the first sentence, that Governor Newsom signed Senate Bill 627 ("the "No Secret Police Act") into law on September 20, 2025. Defendants further respond that the remaining allegations contained in Paragraph 4 are legal conclusions, to which no response is required, and the California statute speaks for

itself.   To the extent a response to the remaining allegations is required, Defendants otherwise deny the allegations contained in Paragraph 4.

5.         In response to the allegations contained in Paragraph 5, Defendants admit, as described in the first sentence, that Governor Newsom signed Senate Bill 805 (the "No Vigilantes Act") into law on September 20, 2025.  Defendants further respond that the remaining allegations contained in Paragraph 5 are legal conclusions to which no response is required, and the California statute speaks for itself.  To the extent a response is required, Defendants otherwise deny the allegations contained in Paragraph 5.

6.         Paragraph 6 of the Complaint is exclusively composed of legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the cases and the Supremacy Clause cited in Paragraph 6 speak for themselves and deny anything beyond the text of the cases and the Supremacy Clause described in Paragraph 6.

7.         Paragraph 7 of the Complaint is exclusively composed of legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the case cited in Paragraph 7 speaks for itself and deny anything beyond the text of the case described in Paragraph 7.

8.         The allegations in Paragraph 8 include legal conclusions to which no response is required.  Additionally, the cited federal statutes speak for themselves. To the extent a response is required, Defendants deny anything beyond the text of the statute cited in Paragraph 8.

9.         The allegations in Paragraph 9 include legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the cases cited in Paragraph 9 speak for themselves and deny anything beyond the text of the cases described in Paragraph 9.

10.         Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 10.

2

11. Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 11.

12. The allegations in Paragraph 12 include legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 12.

13. The allegations in Paragraph 13 include legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff brings an action seeking declaratory and injunctive relief but deny that they are entitled to such relief. Defendants lack knowledge or information sufficient to form a belief as to why Plaintiff brings this action. Defendants otherwise deny the allegations contained in Paragraph 13.

## JURISDICTION AND VENUE

14. Paragraph 14 of the Complaint is exclusively composed of legal conclusions to which no response is required. To the extent an answer is required, Defendants admit that the Court has jurisdiction over the conduct provisions of SB 627 and SB 805, but deny that the Court has jurisdiction over the policy provisions of either statute.

15. The allegations in Paragraph 15 include legal conclusions to which no response is required. Defendants further lack knowledge or information sufficient to form a belief concerning the truth of the allegations with respect to the Federal Government's intent to comply with the challenged laws. Defendants otherwise deny the allegations contained in Paragraph 15, including that the Plaintiff has standing to challenge the policy provisions of SB 627 and SB 805.

16. Paragraph 16 of the Complaint is exclusively composed of legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 16.

3

17.     Paragraph 17 of the Complaint is exclusively composed of legal conclusions to which no response is required.  To the extent an answer is required, Defendants admit the allegations with respect to the conduct provisions of SB 627 and SB 805, but deny them with respect to the policy provisions of either statute.

**PARTIES**

18.     The allegations in Paragraph 18 include legal conclusions to which no response is required.  To the extent a response is required, Defendants admit the allegations, based only on information and belief.

19.     Defendants admit the allegations contained in Paragraph 19.

20.     Defendants admit the allegations contained in Paragraph 20.

21.     Defendants admit the allegations contained in Paragraph 21.

**THE SUPREMACY CLAUSE**

22.     Paragraph 22 of the Complaint is exclusively composed of legal conclusions to which no response is required.  To the extent an answer is required, Defendants state that the cases and the provisions of the U.S. Constitution cited or quoted in Paragraph 22 speak for themselves and deny anything beyond the text of the cases and the U.S. Constitution described in Paragraph 22.

**FEDERAL LAW ENFORCEMENT**

23.     The allegations in Paragraph 23 include legal conclusions to which no response is required, and the quoted provision from the U.S. Constitution speaks for itself.  To the extent a response is required, Defendants admit the allegations contained in Paragraph 23.

24.     Paragraph 24 of the Complaint is exclusively composed of legal conclusions to which no response is required.  Furthermore, the case citations speak for themselves and Defendants deny anything beyond the text of the cases described in Paragraph 24.  To the extent a response is required, Defendants admit that "subordinate officers in various federal agencies assist the President in discharging [the] duty" to take Care that the Laws be faithfully executed, but

Defendants lack information and knowledge sufficient to form a belief about whether subordinate officers are currently assisting the President in discharging that duty.

25.         Paragraph 25 of the Complaint is exclusively composed of legal conclusions to which no response is required.  To the extent a response is required, Defendants answer that the cited cases speak for themselves and deny anything beyond the text of the case described in Paragraph 25.

26.         Defendants admit the allegations in Paragraph 26.

27.         Defendants admit, on information and belief, only that the Department of Homeland Security, Immigration and Customs Enforcement, and Customs and Border Patrol, are three of the Departments/Agencies responsible for enforcing the nation's immigration laws, and otherwise lack knowledge and information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 27.

28.         Paragraph 28 of the Complaint is exclusively composed of legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the cases and the provisions of the U.S. Constitution, Immigration and Nationality Act, and case cited or quoted in Paragraph 28 speak for themselves and deny anything beyond the text of the U.S. Constitution, Immigration and Nationality Act, and case described in Paragraph 28.

29.         Paragraph 29 of the Complaint is exclusively composed of legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the statutes described in Paragraph 29 speak for themselves and deny anything beyond the text of those statutes.

30.         In response to Paragraph 30 of the Complaint, Defendants admit only that, on information and belief, the DEA is an agency that enforces the nation's controlled substances laws.  Defendants further respond that the statute cited in Paragraph 30 speaks for itself and deny anything beyond the text of that statute.

5

31.     Defendants lack knowledge and information sufficient to form a belief concerning the truth of the allegations in Paragraph 31.  Defendants further respond that the regulation cited in Paragraph 31 speaks for itself and deny anything beyond the text of that regulation.

32.     The allegations in Paragraph 32 include legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the regulation cited in Paragraph 32 speaks for itself and deny anything beyond the text of that regulation. Otherwise, Defendants lack knowledge and information sufficient to form a belief concerning the truth of the allegations in Paragraph 32.

33.     Defendants lack knowledge and information sufficient to form a belief concerning the truth of the allegations in Paragraph 33.

## FACTUAL BACKGROUND

34.     Defendants admit that Defendant Newsom signed the No Secret Police Act and the No Vigilantes Act into law.  Paragraph 34 of the Complaint includes an excerpted quotation from a public statement that speaks for itself and serves as the best evidence of its contents.  To the extent a response is required, Defendants admit that the excerpted quotation was stated publicly but otherwise deny the allegations contained in Paragraph 34.

### The No Secret Police Act

35.     Defendants admit, as described in the first sentence, that SB 627 was signed into law on September 20, 2025. The allegations in Paragraph 35 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants state that SB 627 speaks for itself and deny anything beyond the text of that statute.  Defendants further deny that SB 627 "t[ook] effect" on January 1, 2026.

36.     The allegations in Paragraph 36 include legal conclusions to which no response is required.  To the extent a response is required, Defendants state that SB 627 speaks for itself and deny anything beyond the text of that statute.

6

37.    The allegations in Paragraph 37 include legal conclusions to which no response is required.  To the extent a response is required, Defendants state that SB 627 speaks for itself and deny anything beyond the text of that statute.

38.    The allegations in Paragraph 38 include legal conclusions to which no response is required.  To the extent a response is required, Defendants state that SB 627 speaks for itself and deny anything beyond the text of that statute.

39.    The allegations in Paragraph 39 include legal conclusions to which no response is required.   To the extent a response is required, Defendants state that SB 627 speaks for itself and deny anything beyond the text of that statute.

40.    The allegations in Paragraph 40 include legal conclusions to which no response is required.  To the extent a response is required, Defendants state that SB 627 speaks for itself and deny anything beyond the text of that statute.

41.    The allegations in Paragraph 41 include legal conclusions to which no response is required.  To the extent a response is required, Defendants state that SB 627 speaks for itself and deny anything beyond the text of that statute.

42.    The allegations in Paragraph 42 include legal conclusions to which no response is required.  To the extent a response is required, Defendants state that SB 627 speaks for itself and deny anything beyond the text of that statute.

43.    The allegations in Paragraph 43 include legal conclusions to which no response is required.  To the extent a response is required, Defendants state that SB 627 speaks for itself and deny anything beyond the text of that statute.

**The No Vigilantes Act**

44.    Defendants admit, as described in the first sentence, that SB 805 was signed into law on September 20, 2025.  The allegations in Paragraph 44 include legal conclusions to which no response is required. To the extent a response is required, Defendants state that SB 805 speaks for itself and deny anything beyond the text of that statute.  Defendants further deny that SB 805 "t[ook] effect" on January 1, 2026.

7

45.     The allegations in Paragraph 45 include legal conclusions to which no response is required.  To the extent a response is required, Defendants state that SB 805 speaks for itself and deny anything beyond the text of that statute.

46.     The allegations in Paragraph 46 include legal conclusions to which no response is required.  To the extent a response is required, Defendants state that SB 805 speaks for itself and deny anything beyond the text of that statute.

47.     The allegations in Paragraph 47 include legal conclusions to which no response is required.  To the extent a response is required, Defendants state that SB 805 speaks for itself and deny anything beyond the text of that statute.

48.     The allegations in Paragraph 48 include legal conclusions to which no response is required.  To the extent a response is required, Defendants state that SB 805 speaks for itself and deny anything beyond the text of that statute.

49.     The allegations in Paragraph 49 include legal conclusions to which no response is required. To the extent a response is required, Defendants state that SB 805 speaks for itself and deny anything beyond the text of that statute.

50.     The allegations in Paragraph 50 include legal conclusions to which no response is required.To the extent a response is required, Defendants state that SB 805 speaks for itself and deny anything beyond the text of that statute.

### The United States Will Not Comply with Either Law

51.     Defendants lack knowledge and information sufficient to form a belief concerning the truth of the allegations in Paragraph 51 about federal law enforcement agencies' intent to comply with the challenged Acts.  The remaining allegations in Paragraph 51 include legal conclusions to which no response is required.   To the extent a response is required, Defendants deny that the challenged Acts are "unconstitutional and recklessly disregard officers' safety and federal operational needs."

52.     Defendants lack knowledge and information sufficient to form a belief concerning the truth of the allegations in Paragraph 52.

53.	In response to the allegations in Paragraph 53, Defendants admit that the Department of Homeland Security (DHS) issued press releases asserting the claims described in the quoted portions of Paragraph 53.  Defendants otherwise lack knowledge and information sufficient to form a belief concerning the truth of the allegations in Paragraph 53.

54.	In response to the allegations in Paragraph 54, Defendants admit that the Department of Homeland Security (DHS) issued press releases asserting the claims described in the quoted portions of Paragraph 54.  Defendants otherwise lack knowledge and information sufficient to form a belief concerning the truth of the allegations in Paragraph 54.

55.	In response to the allegations in Paragraph 55, Defendants admit that the Department of Homeland Security (DHS) issued press releases asserting the claims described in the quoted portions of Paragraph 55.  Defendants otherwise lack knowledge and information sufficient to form a belief concerning the truth of the allegations in Paragraph 55.

56.	In response to the allegations in Paragraph 56, Defendants admit that the Department of Homeland Security (DHS) issued press releases asserting the claims described in the quoted portions of Paragraph 56.  Defendants otherwise lack knowledge and information sufficient to form a belief concerning the truth of the allegations in Paragraph 56.

57.	In response to the allegations in Paragraph 57, Defendants admit that the Department of Homeland Security (DHS) issued press releases asserting the claims described in the quoted portions of Paragraph 57.  Defendants otherwise lack knowledge and information sufficient to form a belief concerning the truth of the allegations in Paragraph 57.

58.	In response to the allegations in Paragraph 58, Defendants admit that the Department of Homeland Security (DHS) issued press releases asserting the claims described in the quoted portions of Paragraph 58.  Defendants otherwise lack

knowledge and information sufficient to form a belief concerning the truth of the allegations in Paragraph 58.

59. In response to the allegations in Paragraph 59, Defendants admit that the Department of Homeland Security (DHS) issued press releases asserting the claims described in the quoted portions of Paragraph 59. Defendants otherwise lack knowledge and information sufficient to form a belief concerning the truth of the allegations in Paragraph 59.

60. In response to the allegations in Paragraph 60, Defendants admit that Immigrations and Customs Enforcement (ICE) issued a press release asserting the claims described in the second sentence of Paragraph 60. Defendants further admit that the Associated Press reported about an incident, described in the third sentence of Paragraph 60. Defendants otherwise lack knowledge and information sufficient to form a belief concerning the truth of the allegations in Paragraph 60.

61. In response to the allegations in Paragraph 61, Defendants admit that the Department of Homeland Security (DHS) issued press releases asserting the claims described in the second, third, and fourth sentences of Paragraph 61. Defendants otherwise lack knowledge and information sufficient to form a belief concerning the truth of the allegations in Paragraph 61.

62. The allegations in Paragraph 62 include legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Ninth Circuit's holding in *Newsom v. Trump*, 141 F. 4th 1032 (9th Cir. 2025), speaks for itself, and deny anything beyond the text of the case described in Paragraph 62.

63. Defendants lack knowledge and information sufficient to form a belief concerning the truth of the allegations in Paragraph 63.

64. Defendants lack knowledge and information sufficient to form a belief concerning the truth of the allegations in Paragraph 64.

65.     Defendants lack knowledge and information sufficient to form a belief concerning the truth of the allegations in Paragraph 65.

66.     Defendants lack knowledge and information sufficient to form a belief concerning the truth of the allegations in Paragraph 66.

67.     Defendants deny the allegation that they have "threat[ened]" criminal liability for noncompliance, as described in Paragraph 67.  Defendants further respond that they lack knowledge and information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 67.

68.     Defendants deny the allegations contained in the first sentence of Paragraph 68.  Defendants lack knowledge and information sufficient to form a belief concerning the truth of second sentence of Paragraph 68—namely, that that "federal agencies will not comply with these unconstitutional and dangerous laws"—except that the characterization of the laws as "unconstitutional" is a legal conclusion to which no response is required and which Defendants deny. Defendants admit that the statements by Representatives Nancy Pelosi and Kevin Mullin referenced in the third sentence of Paragraph 68 were issued, and the statements speak for themselves.  Defendants further respond that publicly available reporting described statements by San Francisco District Attorney Brooke Jenkins, and those statements speak for themselves.  Defendants deny the remaining allegations contained in Paragraph 68.

69.     The allegations in Paragraph 69 include legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the statutes cited in Paragraph 69 speak for themselves and deny anything beyond the text of those statutes.  Otherwise, Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 69.

70.     The allegations in the first sentence of Paragraph 70 include legal conclusions to which no response is required.  To the extent a respone is required, Defendants deny the allegations contained in the first sentence of Paragraph 70.

11

Defendants state that the allegations in the second sentence of Paragraph 70 describe remarks that speak for themselves and are the best evidence of their content, and deny anything beyond the text of those remarks.  Defendants further answer that the text of SB 627 and SB 805 speak for themselves and is the best evidence of the "purpose" and "effect" of the laws.

**COUNT ONE—VIOLATION OF THE SUPREMACY CLAUSE**

**(UNLAWFUL REGULATION OF THE FEDERAL GOVERNMENT)**

71.     Defendants repeat and reallege their responses to Paragraphs 1 through 70 of the Complaint as though fully set forth herein.

72.     Defendants answer that the allegations contained in Paragraph 72 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 72.

73.     Defendants answer that the allegations contained in Paragraph 73 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants state that SB 627 speaks for itself and deny anything beyond the text of that statute.

74.     Defendants answer that the allegations contained in Paragraph 74 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants state that SB 805 speaks for itself and deny anything beyond the text of that statute.

75.     Defendants answer that the allegations contained in Paragraph 75 state legal conclusions to which no response is required.  To the extent an answer is required, Defendants state that SB 627 and SB 805 speak for themselves and deny anything beyond the text of the statutes.

76.     Defendants answer that the allegations contained in Paragraph 76 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 76.

77. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 77.

78. Defendants answer that the allegations contained in Paragraph 78 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 78.

**COUNT TWO—VIOLATION OF THE SUPREMACY CLAUSE**

**(UNLAWFUL DISCRIMINATION AGAINST THE FEDERAL**

**GOVERNMENT)**

79. Defendants repeat and reallege their responses to Paragraphs 1 through 78 of the Complaint as though fully set forth herein.

80. Defendants answer that the allegations contained in Paragraph 80 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 80.

81. Defendants answer that the allegations contained in Paragraph 81 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that the challenged provisions of the No Secret Police Act apply to federal law enforcement officers and agencies but not California State officers or agencies.

82. Defendants answer that the allegations contained in Paragraph 82 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 82.

83. Defendants answer that the allegations contained in Paragraph 83 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 83.

84. Defendants lack knowledge and information sufficient to form a belief concerning the truth of the allegations in Paragraph 84.

85.     Defendants answer that the allegations contained in Paragraph 85 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 85.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses with respect to the claims that have not been dismissed, without admitting that they bear the burden of proof or the burden of persuasion on any of them:

## FIRST AFFIRMATIVE DEFENSE

### [Failure to State a Claim]

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### [Improper Party]

2.     Plaintiff has improperly named Governor Gavin Newsom, who is not a proper party to this litigation.

## THIRD AFFIRMATIVE DEFENSE

### [Lack of Pre-Enforcement Standing]

3.     Plaintiff lacks pre-enforcement standing and this Court thus lacks subject-matter jurisdiction over the matter.

## FOURTH AFFIRMATIVE DEFENSE

### [Reservation of Rights]

4.     California reserves its right to assert any additional or different defenses and affirmative defenses in response to the Complaint based on information and knowledge obtained during future discovery or investigation.

Dated:  April 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
MICHAEL NEWMAN
Senior Assistant Attorneys General
ANNA FERRARI
LEE I. SHERMAN
Supervising Deputy Attorneys General
KRISTI A. HUGHES
ZELDA VASSAR
ASHA ALBUQUERQUE
ALYSSA ZHANG
Deputy Attorneys General


*/s/ Cameron A. Bell*
CAMERON A. BELL
Deputy Attorney General
*Attorneys for Defendants*

SA2025306562
USDC Central (2 Party).docx

15